# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHOLIC ANSWERS, INC.; KARL KEATING<br><br>                                    Plaintiffs,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>                                    Defendant. | CASE NO. 09-CV-670-IEG (AJB)<br><br>**ORDER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**<br><br>**(Doc. No. 7.)** |

Presently before the Court is defendant United States of America's ("Defendant") motion to dismiss Plaintiffs' original complaint. (Doc. No. 7.) For the reasons stated herein, the motion is DENIED AS MOOT, and the hearing on the motion scheduled for August 17, 2009 is hereby vacated.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are drawn from Plaintiffs' original complaint. Plaintiff Catholic Answers, Inc. ("Catholic Answers") is a nonprofit religious corporation. Plaintiff Karl Keating ("Keating") is the founder and president of Catholic Answers. Catholic Answers was allegedly incorporated in the State of California under the California Nonprofit Religious Corporation Law,[1] and is exempt from federal income taxes pursuant to 26 U.S.C. §§ 501(a) and 501(c)(3).[2]

---

[1] "This part shall be known and may be cited as the Nonprofit Religious Corporation Law." Cal. Corp. Code § 9110 (2009).

[2] "Exemption from taxation. An organization described in subsection (c) or (d) . . . shall be exempt from taxation under this subtitle [26 USCS §§ 1 et seq.] unless such exemption is denied under section 502 or 503 [26 USCS § 502 or 503]." 26 USCS § 501(a)(2009). Section 501(c)(3) includes

On April 13, 2004, Catholic Answers posted an "E-Letter" from Mr. Keating on its website. The E-Letter opines that, *inter alia*, Senator John Kerry, then the presumptive Democratic party presidential nominee was "precisely the kind of politician who should be denied Communion at Catholic parishes because his strong endorsement of abortion qualifies him as a 'notorious sinner.'" (Compl. ¶ 10) (citation omitted). On May 11, 2004, Mr. Keating posted another E-Letter to the Catholic Answers website responding to readers' comments on Mr. Keating's previously-expressed opinions on Senator Kerry and abortion-related issues.

By a letter dated January 3, 2005, the United States Internal Revenue Service ("IRS") notified Catholic Answers that it was investigating the organization's activities, specifically, whether Catholic Answers had engaged in any prohibited acts of political intervention. On May 6, 2008 the IRS notified Catholic Answers that Mr. Keating's E-Letters constituted "political expenditures" within the meaning of 26 U.S.C. § 4955(d)[3] because they "oppose the election of a specific candidate running in the November 2004 presidential election." Accordingly, the IRS assessed excise taxes for the tax years of 2004 and 2005, pursuant to 26 U.S.C. § 4955(a).[4] Moreover, the IRS required Catholic Answers to attempt to "correct" the political expenditure pursuant to 26 U.S.C. § 4955(f)(3) by

---

"Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes . . . no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation (except as otherwise provided in subsection (h)), and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of (or in opposition to) any candidate for public office." 26 USCS § 501(c)(3) (2009).

[3] Section 4955 provides for "Taxes on political expenditures of section 501(c)(3) organizations." Section 4955(d) provides, inter alia, "Political expenditure. For purposes of this section–(1) In general. The term "political expenditure" means any amount paid or incurred by a section 501(c)(3) organization in any participation in, or intervention in (including the publication or distribution of statements), any political campaign on behalf of (or in opposition to) any candidate for public office." 26 U.S.C. § 4955(d)(1)(2009).

[4] "Initial taxes. (1) On the organization. There is hereby imposed on each political expenditure by a section 501(c)(3) organization a tax equal to 10 percent of the amount thereof. The tax imposed by this paragraph shall be paid by the organization. (2) On the management. There is hereby imposed on the agreement of any organization manager to the making of any expenditure, knowing that it is a political expenditure, a tax equal to 2 1/2 percent of the amount thereof, unless such agreement is not willful and is due to reasonable cause. The tax imposed by this paragraph shall be paid by any organization manager who agreed to the making of the expenditure." 26 U.S.C. § 4955(a)(2009).

recovering the expenditure from Mr. Keating.[5] Plaintiffs have continually maintained the E-Letters are not "political expenditures" under the Internal Revenue Code, and the IRS disputes this argument. Plaintiffs allege the IRS' position, in addition to its reliance on "vague and overbroad rules and regulations," effectively chills them from engaging in speech that is otherwise permissible by a Section 501(c)(3) organization.

Plaintiffs filed the instant action on April 3, 2009, alleging violation of their First Amendment rights under various theories. On June 15, 2009, Defendant filed a motion to dismiss the complaint. (Doc. No. 7.) Plaintiffs did not file an opposition, but filed a first amended complaint on July 15, 2009. (Doc. No. 10.) The Court finds Defendant's motion suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).

## DISCUSSION AND CONCLUSION

Federal Rule of Civil Procedure 15 provides, "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A) (2009). Although Defendant has filed a motion to dismiss the original complaint, a motion to dismiss is not a "responsive pleading" within the meaning of the Rule 15. Breier v. N. Cal. Bowling Proprietors' Ass'n., 316 F.2d 787, 789 (9th Cir. Cal. 1963). A motion for leave to amend a complaint is unnecessary if filed before an answer, but if such a motion is filed at that stage, the Court must grant it. Id. Because Plaintiffs have filed an amended complaint before being served with a responsive pleading, the first amended complaint is now the operative complaint. The Court therefore **DENIES AS MOOT** Defendant's motion to dismiss the original complaint. The hearing on the motion scheduled for August 17, 2009 is vacated.

**IT IS SO ORDERED.**

**DATED: August 12, 2009**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[5] "Correction. The terms "correction" and "correct" mean, with respect to any political expenditure, recovering part or all of the expenditure to the extent recovery is possible, establishment of safeguards to prevent future political expenditures, and where full recovery is not possible, such additional corrective action as is prescribed by the Secretary by regulations." 26 U.S.C. § 4955(f)(3)(2009).